# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| FELICIA MARTI AND GUILLERMO MARTI, derivatively on behalf of ORTHOFIX MEDICAL, INC., *Plaintiffs,* <br><br> v. <br><br> JON C. SERBOUSEK, *et al.*, *Defendants.* | § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-01058-JRG (LEAD CASE) |
| JAKE VINCENT, derivatively on behalf of ORTHOFIX MEDICAL, INC., *Plaintiff,* <br><br> v. <br><br> JON C. SERBOUSEK, *et al.*, *Defendants.* | § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00864-JRG (MEMBER CASE) |

## <u>ORDER</u>

Before the Court is the Motion to Consolidate Related Derivative Actions and Appoint Co-Lead Counsel ("the Motion") filed by Plaintiffs Felicia Marti, Guillermo Marti, and Jake Vincent (collectively, "Plaintiffs"). (No: 2:24-cv-00864-JRG, Dkt. No. 5.) In the Motion, Plaintiffs request the Court to consolidate the two above-captioned cases and appoint The Brown Law Firm, P.C. and Rigrodsky Law, P.A. as Co-Lead Counsel. (*Id*. at 8.) Plaintiffs also represent that Defendants do not oppose either request. (*Id*.)

Plaintiffs first argue that the Court should consolidate the above-captioned cases under FRCP 42(a) because both cases involve the same questions of law and fact. (*Id*. at 5.) Specifically, Plaintiffs note that both cases allege Defendants breached their fiduciary duty and violated Section 14 of the Securities Exchange Act of 1934 by making or permitting others to make false statements

about Orthofix Medical Inc.'s legal and ethical compliance. (*Id*.) According to Plaintiffs, the interest of judicial economy is best served by consolidating the cases. (*Id*.)

Plaintiffs also request that the Court appoint the Brown Law Firm, P.C. and Rigrodsky Law, P.A. as the Co-Lead Counsel for Plaintiffs. (*Id*. at 7.) Plaintiffs contend that such an appointment would benefit both judicial economy and the best interests of Plaintiffs. (*Id*. at 6.)

Having considered Plaintiffs' request to consolidate cases, and noting that it is unopposed, the Court finds that it should be and hereby is **GRANTED** based on the fundamental principles of judicial economy and the Court's inherent authority to manage its own docket. Given the above-captioned cases involve the same Defendants, the same facts, and the same questions of law, the Court finds that there is substantial judicial economy and no substantive unfairness in consolidating the two cases. The above-captioned cases are hereby **ORDERED** to be **CONSOLIDATED** with the LEAD CASE, Case No. 2:24-CV-01058-JRG.

All parties are instructed to file any future filings in the LEAD CASE. The Clerk is instructed to add the consolidated Plaintiffs into the Lead Case and their corresponding Lead and Local Counsel only. Additional counsel may file a Notice of Appearance in the Lead Case if they wish to continue as counsel of record in the lead consolidated action. Counsel who have appeared *pro hac vice* in any member case may file a Notice of Appearance in the Lead Case without filing an additional application to appear *pro hac vice* in the Lead Case. Counsel who have not appeared in a member case at this point should file a Notice of Appearance only in the Lead Case, and such Notice should state the relevant member case.

Furthermore, having also considered Plaintiffs' request to appoint Brown Law Firm, P.C. and Rigrodsky Law, P.A. as the Co-Lead Counsel for Plaintiffs, and noting that it is unopposed,

the Court finds that it should be and hereby is **GRANTED**.  The Clerk is directed to designate

Brown Law Firm, P.C. and Rigrodsky Law, P.A. as co-lead counsel in the LEAD CASE.

## So Ordered this

**Mar 19, 2025**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE